# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE RAINEY, | CASE NO. 1:08-cv-01731-AWI-YNP PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | (Doc. 19) |
| GUADALUPE M. GARCIA, | OBJECTIONS DUE WITHIN 30 DAYS |
| Defendant. | |

Plaintiff Wade Rainey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Defendant Guadalupe M. Garcia ("Defendant") filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim for constitutionally inadequate dental care. Defendant filed his motion to dismiss on August 11, 2009. (Doc. #19.) After being granted an extension of time, Plaintiff filed an opposition on October 16, 2009. (Doc. #22.) This action is proceeding on Plaintiff's complaint filed on November 12, 2008. (Doc. #1.) For the reasons set forth below, the Court finds that Plaintiff states a cognizable claim against Defendant for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. The Court will recommend that Defendant's motion to dismiss be denied.

**I.    Defendants' Motion to Dismiss**

Defendant argues in his motion to dismiss that he is entitled to dismissal of this action under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim. (Def.'s Notice of Mot. and Mot. to Dismiss, with Mem. of P. & A. 1:21-24.) The Court screened Plaintiff's complaint

1  on March 16, 2009 pursuant to 28 U.S.C. § 1915A and found that it stated a cognizable claim against
2  Defendant Garcia for violating Plaintiff's rights under the Eighth Amendment.  (Order Finding
3  Service of Compl. Appropriate, and Forwarding Service Documents to Pl. for Completion and
4  Return Within Thirty Days 1:17-20.)

5       Plaintiff's complaint alleges that Defendant violated Plaintiff's rights under the Eighth
6  Amendment through his deliberate indifference to Plaintiff's serious dental needs.  Plaintiff alleges
7  that he visited the dental office with two problematic teeth on April 12, 2006. (Compl. 3.)  Garcia
8  told Plaintiff that he was pressed for time and was only working on emergencies.  (Compl. 3.)
9  Plaintiff was told that his problem was not an emergency and was promised a follow-up next week.
10 (Compl. 3.)  Plaintiff did not receive the follow-up and began submitting medical requests, but did
11 not receive any responses. (Compl. 3.)  On August 17, 2006, Plaintiff filed an emergency complaint
12 due to the pain and suffering. (Compl. 3.)  Plaintiff received an emergency visit to the medical clinic
13 on August 23, 2006 and was prescribed Ibuprofen.  (Compl. 4.)  Plaintiff was also put on an
14 emregency list to see Garcia the next day. (Compl. 4.)  Plaintiff was told that he may have an
15 infection. (Compl. 4.)  A week later, an x-ray was taken and Garcia told Plaintiff that he had an
16 acute infection of the nerves and his tooth would have to be extracted. (Compl. 4.)  Garcia filled out
17 a "request for treatment" so Plaintiff could be seen by an oral surgeon outside the prison. (Compl.
18 4.)  Plaintiff was not seen by an oral surgeon. (Compl. 4.)  On September 19, 2006, Plaintiff was
19 seen again by Garcia and given Ibuprofen for pain and Amoxicillin for the infection. (Compl. 4.)
20 Plaintiff was told he would see the oral surgeon in a week. (Compl. 4.)  Plaintiff was not seen by
21 an oral surgeon until November 14, 2006, after Plaintiff filed numerous complaints and received help
22 from an outside lawyer from the "Prison Law Office." (Compl. 5.)  Two teeth were extracted.
23 (Compl. 5.)  Plaintiff complains that he endured seven months of pain and suffering due to the delays
24 in treatment. (Compl. 6.)

25      Defendant argues that he is entitled to dismissal because Plaintiff's allegations fail to form
26 the basis of any cognizable claim under the Eighth Amendment.  Defendant contends that Plaintiff
27 has failed to demonstrate that Defendant acted with deliberate indifference. (Def.'s Mot. to Dismiss
28 6:24.)  Defendant argues that he subscribed pain medication and completed an urgent request for

Plaintiff to see an oral surgeon to examine and extract Plaintiff's tooth. (Def.'s Mot. to Dismiss 7:6-9.) Defendant contends that his actions in diagnosing Plaintiff's condition and referring him to an oral surgeon are sufficient to demonstrate a lack of deliberate indifference, and thus, the absence of any claim under the Eighth Amendment. Defendant contends that Plaintiff is attempting to hold Defendant liable on a theory of respondeat superior, which does not apply to section 1983 actions. (Def.'s Mot. to Dismiss 7:17-19.)

In his opposition, Plaintiff contends that Defendant did act with deliberate indifference. Plaintiff argues that his condition should have be treated immediately as an emergency when Plaintiff first saw Defendant on April 12, 2006. (Brief in Opp'n of Def.'s Mot. to Dismiss 3:14-21.) Instead, Defendant sent Plaintiff away while he was suffering severe pain. (Opp'n 3:20-26.) Plaintiff argues that Defendant exhibited further deliberate indifference when he told Plaintiff that he would be seen within a week, but Plaintiff was not seen for months at a time, and Plaintiff's teeth were not treated for seven months. (Opp'n 3:21-22.) Plaintiff alleges that he suffered irreversible damage to his teeth, resulting in their eventual extraction, because he did not receive immediate treatment. (Opp'n 3:26-4:3.) Plaintiff contends that he should have received at least a temporary filling when he first informed Defendant of his dental problems. (Opp'n 5:11-12.)

**II.    Discussion**

    **A.    Failure to State a Claim**

Defendant contends that Plaintiff's allegations fail to support a cognizable claim under the Eighth Amendment because Plaintiff has failed to demonstrate that Defendant acted with deliberate indifference. Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on a plaintiff's failure to state a claim upon which relief can be granted. To state a claim upon which relief can be granted, a complaint must provide a short and plain statement of the claim that gives defendants fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). "[A] complaint attacked by

1  a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Twombly, 550 U.S.
2  at 555. "Factual allegations must be enough to raise a right to relief above the speculative level" and
3  the complaint must contain more than "labels and conclusions, and a formulaic recitation of the
4  elements of a cause of action." Id.
5       A plaintiff may bring suit under 42 U.S.C. § 1983 against any person who, acting under color
6  of state law, causes the deprivation of rights secured by the Constitution. The Eighth Amendment
7  of the Constitution prohibits the imposition of cruel and unusual punishments and "embodies 'broad
8  and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble,
9  429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison
10 official violates the Eighth Amendment only when two requirements are met: (1) the objective
11 requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834
12 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that
13 the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298).
14 The objective requirement that the deprivation be "sufficiently serious" is met where the prison
15 official's act or omission results in the denial of "the minimal civilized measure of life's necessities".
16 Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the
17 prison official has a "sufficiently culpable state of mind" is met where the prison official acts with
18 "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A
19 prison official acts with deliberate indifference when he/she "knows of and disregards an excessive
20 risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which
21 the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the
22 inference." Id.
23      Plaintiff claims that Defendant violated the Eighth Amendment through his deliberate
24 indifference toward Plaintiff's serious need for dental care. "[D]eliberate indifference to a prisoner's
25 serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order
26 to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show:
27 (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City
28 of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

4

2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

Defendant contends that he cannot be said to have acted with deliberate indifference because Plaintiff alleges that Defendant made a referral to an oral surgeon. Defendant argues that he cannot be held liable for Plaintiff's failure to see the oral surgeon after the referral had been made. Defendant further contends that any attempt to hold Defendant liable would be an attempt to hold Defendant liable on a theory of respondeat superior, which is not permissible in section 1983 actions.

Whether Defendant's response was constitutionally sufficient is not as clear as Defendant contends. Defendant argues that he had done all that was constitutionally required of him after he referred Plaintiff to an oral surgeon. Plaintiff contends that he should have done more. Whether or not Defendant could have or should have is a question of disputed fact. Perhaps Defendant could have done more to expedite Plaintiff's appointment with the oral surgeon, referred Plaintiff to the oral surgeon sooner, or provided some form of preliminary treatment that would have prevented the severe pain and further deterioration of Plaintiff's condition. Plaintiff alleges that Defendant should have, and thus alleges enough to support a cognizable claim. Plaintiff alleges that Defendant should have provided emergency treatment of some sort, such as a temporary filling, when Plaintiff first saw Defendant on April 12, 2006. Thus, Plaintiff alleges that Defendant had actual knowledge that the failure to provide treatment would cause the pain and irreparable further injury that eventually led to the extraction of Plaintiff's teeth. Defendant repeatedly saw Plaintiff over the course of seven months as Plaintiff's condition deteriorated and the infection set in and became more serious. It is Plaintiff's contention that Defendant should have, and by implication could have, provided some course of treatment that would have prevented the infection, the severe pain, and the extraction of his teeth. Whether or not Defendant actually could have provided effective treatment for Plaintiff's condition--whether Garcia had the resources, authority, or responsibility to provide the necessary

treatment--is a question of disputed fact not appropriate for resolution at this stage in litigation. The Court finds that Plaintiff has alleged enough to support a cognizable claim that Defendant Garcia violated Plaintiff's rights under the Eighth Amendment.

### B. Defendant's Request for Judicial Notice

Defendant requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of an administrative appeal allegedly submitted by Plaintiff. Defendant appears to present the appeal for the purposes of demonstrating that Plaintiff's "tooth presented with a curved nerve structure" and "[w]ith that nerve structure, extraction of the tooth would be complicated and should be done by an oral surgeon." (Def.'s Mot. to Dismiss 7:2-6.) The implication being that Defendant Garcia lacked the expertise to provide treatment for Plaintiff, acted reasonably in referring Plaintiff to an oral surgeon, and is not liable for the fact that it took a long time for Plaintiff to actually see the oral surgeon.

Federal Rule of Evidence 201 allows a court to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In ruling on a 12(b)(6) motion, the Court may take judicial notice of "matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Even assuming that the administrative appeal is a "matter of public record," the Court can, at most, take judicial notice of the fact that the appeal exists in the prison's public records. The Court cannot take judicial notice under Rule 201 of any further inferences regarding the appeal, such as whether the contents of the appeal are accurate and true. The Court cannot take judicial notice of facts that are "subject to reasonable dispute." Id. at 689 (quoting Federal Rule of Evidence 201(b)). Whether Plaintiff's condition was actually too complicated and beyond Defendant's expertise to treat is a fact "subject to reasonable dispute." The Court may not take judicial notice of disputed facts stated in public records. Id. at 690. Thus, the Court may not take judicial notice of the fact that extraction of the tooth would have been complicated and should not have been performed by Defendant Garcia.

### III. Conclusion and Recommendation

The Court finds that Plaintiff has alleged sufficient facts that demonstrate Defendant Garcia acted with deliberate indifference. Plaintiff alleges that Defendant knew that the failure to provide

6

immediate treatment for Plaintiff's dental condition would cause Plaintiff to suffer severe pain and further injury. Plaintiff further alleges that Defendant disregarded that risk by failing ignoring Plaintiff's requests for treatment and delaying Plaintiff's treatment. Plaintiff states a cognizable claim against Defendant for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Accordingly, it is HEREBY RECOMMENDED that Defendant's motion to dismiss, filed on August 11, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 15, 2010**          **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE