# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE RAINEY,<br><br>               Plaintiff,<br><br>    v.<br><br>GUADALUPE M. GARCIA, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:08-cv-01731-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 26)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

       Plaintiff Wade Rainey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 11, 2010, Plaintiff filed a motion requesting a preliminary injunction. (Doc. #26.)

       The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

       "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A

party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

This action is proceeding on Plaintiff's Section 1983 claim against Defendant Garcia under the Eighth Amendment for failing to provide Plaintiff with adequate dental treatment. Plaintiff's motion for a preliminary injunction concerns alleged harassment Plaintiff received from various correctional officers who are not parties to this action. Plaintiff's motion for a preliminary injunction is not a proper vehicle to obtain relief from the correctional officers' harassment. The purpose of a preliminary injunction is to preserve the status quo between the parties until the merits of the lawsuit are decided. It is not to obtain relief from harassment that is unrelated to this lawsuit. Plaintiff's claims for relief against the correctional officers named in his motion would be more appropriately addressed in a separate lawsuit.

Further, under Federal Rule of Civil Procedure 65(d)(2), an order for preliminary injunctive relief only binds the parties, the parties' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the above. There is no indication that the correctional officers referred to in Plaintiff's motion are in active concert or participation with Defendant Garcia. Nor are they alleged to be Defendant Garcia's officers, agents, servants, employees, or attorneys. Thus, the officers would not be bound by any order for preliminary injunctive relief.

Plaintiff has failed to persuasively demonstrate that he is likely to suffer future irreparable injury. Although Plaintiff claims that correctional officers harassed him in the past, there is no indication that future harassment is imminent. The Court will not issue preliminary injunctive relief based on the prospect of possible future harm predicated solely by past incidents of harassment. The

1 demonstration of future harm is far too speculative to warrant preliminary injunctive relief. Further,
2 Plaintiff has made no efforts to demonstrate that he is likely to succeed on the merits of this lawsuit,
3 that the balance of equities tips in his favor, or that an injunction is in the public interest.
4       Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary
5 injunctive relief be DENIED.
6      These Findings and Recommendations are submitted to the United States District Judge
7 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30)
8 days after being served with these Findings and Recommendations, any party may file written
9 objections with the Court and serve a copy on all parties. Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
11 shall be served and filed within ten (10) days after service of the objections. The parties are advised
12 that failure to file objections within the specified time may waive the right to appeal the District
13 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 IT IS SO ORDERED.

16 **Dated:   July 30, 2010**            /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE