UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE RAINEY,<br><br>                Plaintiff,<br>    v.<br>GUADALUPE M. GARCIA. DDS,<br><br>                Defendant.<br>_____ / | CASE NO. 1:08-cv-01731-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(ECF No. 39)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**FINDINGS AND RECOMMENDATION**

**I.    INTRODUCTION**

    Plaintiff Wade Rainey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The action proceeds on Plaintiff's November 12, 2008 Complaint in which Plaintiff alleges that Defendant Garcia violated his Eighth Amendment right to adequate medical care. (ECF No. 1.)

On September 27, 2010, Defendant filed a Motion for Summary Judgment arguing that Defendant Garcia was not deliberately indifferent to Plaintiff's dental needs and that he treated him appropriately, and that Defendant Garcia is entitled to qualified immunity.[1] (ECF No. 39.)  After receiving several extensions of time to file a response, Plaintiff failed to file any opposition or statement of non-opposition to Defendant's Motion for Summary Judgment.  The matter is submitted pursuant to Local Rule 230(l).

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

---

[1] Because the Motion is granted on the first ground, it is not necessary to address Defendant's qualified immunity argument.

2

case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of

summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be taken as true, <u>Anderson</u>, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party, <u>Matsushita</u>, 475 U.S. at 587 (citing <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962) (per curiam)). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citations omitted).

//
///
/
///
//

4

III. **STATEMENT OF FACTS**[2]

Plaintiff alleges that Defendant Garcia violated his Eighth Amendment right through his deliberate indifference to Plaintiff's serious dental condition. Defendant alleges that he provided Plaintiff with appropriate treatment for his dental condition.[3]

Defendant first saw Plaintiff regarding a broken tooth (tooth 13) on January 31, 2006. (Defendant's Motion for Summary Judgment ("MSJ"), p. 2.) At that time, Defendant determined that, with proper dental hygiene, the broken tooth would not need to be extracted, and also prescribed pain medication for any inflamation. (Id.) On April 5, 2006, Plaintiff was again seen by Defendant complaining about the same tooth. (Id.) Defendant determined that it might be infected and prescribed an antibiotic for treatment. (Id.) He also determined that the tooth's condition had deteriorated enough that extraction was necessary, though it could not be performed immediately because of the swelling and inflamation. (Id.) Thus, Defendant also prescribed pain medication. (Id.)

On April 7, 2006, Plaintiff returned to the dental clinic complaining of pain in both the broken tooth and tooth 31. (Id.) After examination, Defendant determined that both of the

---

[2] All facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(e), all disputes with the movant's statement of facts must be supported with citation to evidence. See L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial"). No opposition was filed. However, Plaintiff's verified complaint may be treated as an opposing affidavit to the extent that it is verified and sets forth admissible facts (1) within Plaintiff's personal knowledge and not based merely on Plaintiff's belief and (2) to which Plaintiff is competent to testify. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985). The Court will consider only those facts and evidence that are relevant to resolving the Defendant's Motion for Summary Judgment.

[3] Defendant's summary of facts is based on two attachments to his Motion: Plaintiff's prison dental records and Defendant's declaration. (ECF Nos. 39-4 and 39-5.)

5

teeth would need to be extracted. (Id.) The broken tooth would require a routine extraction; however, tooth 31 needed further evaluation. (Id.) Before anything could take place, Plaintiff needed to finish the course of antibiotics, and, once finished, return to the clinic. (Id.) On April 12, 2006[4], once Plaintiff had finished the antibiotics, Defendant Garcia extracted the broken tooth. (Id.) He prescribed pain medication and told Plaintiff to return to the clinic once the extraction had healed so that tooth 31 could be evaluated for a second extraction. (Plaintiff's Complaint ("Compl."), p. 3.)

On August 17, 2006, Plaintiff submitted an emergency complaint due to his pain and suffering. (Compl. at 3.) Plaintiff was seen in the dental clinic on August 23, 2006, prescribed pain medication, and placed on the emergency list to see Defendant Garcia the following day. (Id.) On August 24, 2006, Plaintiff was seen by Defendant Garcia who prescribed pain medication and antibiotics. (MSJ at 3.) Plaintiff was told to return to the dental clinic once he had finished the course of antibiotic (approximately one week). (Id.) Plaintiff returned on August 31, 2006 and x-rays were taken which revealed that Plaintiff had an impacted wisdom tooth right next to tooth 31. (Id.) Defendant Garcia determined that, due to the position of the wisdom tooth, both it and tooth 31 would need to be extracted, which was an extraction too complicated for him to perform. (Id. at 4.) Thus, he submitted a request for Plaintiff to see an outside oral surgeon, and prescribed pain medication for Plaintiff in the meantime. (Id.)

On September 11, 2006, the request for Plaintiff to be seen was received by the oral

---

[4] Plaintiff alleges that April 12, 2006 was the first time he was seen by Defendant and that he was turned away without any treatment. (Plaintiff's Complaint ("Compl."), p. 3.) Plaintiff's allegations are disputed by his dental records. (MSJ Ex. A.)

6

surgeon. (Id.) The oral surgeon schedule the appointment for November 14, 2006. (Id.) Plaintiff saw Defendant Garcia on September 19, 2006 was told that he would see the oral surgeon within a week and was given pain medication and an antibiotic. (Compl. at 4.) Plaintiff saw Defendant on September 27 and October 29, 2006; both times Defendant prescribed pain medication. (MSJ at 4.) In the intervening time, Plaintiff filed numerous complaints and received aid from a lawyer. (Compl. at 5.) On November 14, 2006, Plaintiff underwent oral surgery and both tooth 31 and the wisdom tooth were removed. (MSJ at 4.)

## IV.   ANALYSIS

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A finding of deliberate indifference involves the examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's responses to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A "serious" medical need exists if the failure to treat a prisoner's condition could lead to further injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). Examples of conditions that are "serious" in nature include an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1060; see also Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 136 (9th Cir. 1997).

If the medical needs are serious, the plaintiff must show that the defendants acted

with deliberate indifference to those needs. Estelle, 429 U.S. at 104. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The plaintiff must demonstrate that the prison medical staff knew of and disregarded an excessive risk to his health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference entails something more than medical malpractice or even gross negligence. Toguchi, 391 F.3d at 1061. Inadvertence, by itself, is insufficient to establish a cause of action under Section 1983. McGuckin, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk" to an inmate's health and safety. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2003) (quoting Farmer, 511 U.S. at 858). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment" or the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner. Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Hunt v. Dental Dep't., 865 F.2d 198, 201 (9th Cir. 1989) (citations omitted). Where delay in receiving medical treatment is alleged, however, a prisoner must demonstrate that the delay led to further injury. McGuckin, 974 F.2d at 1060.

In addition, a prison physician is not deliberately indifferent to an inmate's serious medical needs when the physician prescribes a different method of treatment than that requested by the inmate. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.

8

1996).

Plaintiff alleges that the tooth extractions were caused by the delay in treatment and that Defendant was deliberately indifferent to his serious dental need. Plaintiff also seems to argue that if Defendant Garcia had just filled his tooth, the extractions would not have been necessary. Defendant states that when he first saw Plaintiff for his broken tooth, extraction was not necessary assuming Plaintiff would continue with proper dental hygiene. Once it became apparent that the tooth had deteriorated and was infected, a course of antibiotics was prescribed and needed to be finished before any extraction could occur. One week after Defendant Garcia determined that the broken tooth needed come out, the initial extraction was performed.

There was a four month lapse between the tooth extraction and when Plaintiff saw Defendant Garcia again. However, Defendant Garcia states that when the extraction of multiple teeth is necessary, the standard practice is to extract teeth from one side of the mouth at a time and to let the first extraction heal before the second is performed. The broken tooth was on the right side of Plaintiff's mouth, and tooth 31 was on the left. Once the first extraction had sufficiently healed, Defendant Garcia evaluate tooth 31 and prescribed pain medication and antibiotics which needed to be completed before the extraction. Plaintiff one week later and x-rays were taken which showed an impacted wisdom tooth next to tooth 31. Defendant Garcia determined that due to this complication, an oral surgeon would be necessary. That day, Defendant Garcia filed the request for Plaintiff to be seen by an oral surgeon.

There were more delays between when Defendant submitted the form and when Plaintiff had the surgery; however, Defendant was not responsible for these delays and

9

was not aware of Plaintiff's complaints, except for the fact that on at least two occasions Defendant Garcia prescribed pain medication to Plaintiff for any possible pain he was experiencing during the delay.

Based on these facts, undisputed by Plaintiff, the Court finds that Defendant Garcia was not deliberately indifferent to Plaintiff's serious dental condition nor did any delay in treatment cause any further harm.  As detailed above, Plaintiff saw Defendant Garcia frequently, received pain medication and antibiotics, and one tooth extraction.  The four month delay between the first extraction and the visit which determined that an oral surgeon was required, was normal dental practice to allow Plaintiff's first extraction to heal.  The delay in treatment did not cause Plaintiff's second extraction, nor did it cause Plaintiff to lose an extra tooth.  The wisdom tooth had to be removed because of its impaction and location next to tooth 31.

Accordingly, there is no genuine issue of material fact in dispute as to Plaintiff's Eighth Amendment claim against Defendant Garcia.  Summary judgment should be GRANTED in favor of Defendant Garcia and against Plaintiff.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's Motion for Summary Judgment be GRANTED and this action be DISMISSED WITH PREJUDICE.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document

should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).  See also <u>Robbins v. Carey</u>, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

IT IS SO ORDERED.

Dated:     June 16, 2011

UNITED STATES MAGISTRATE JUDGE